■ ELLEN KOBLENZ, Appellant-Respondent, v LAWRENCE W. KOBLENZ, Respondent-Appellant.—Order, Supreme Court, New York County, entered on May 26, 1978, awarding plaintiff alimony in the sum of $6,000 per annum ($500 per month) as of May 1, 1978 and counsel fees of $1,000 for legal services rendered from the date of entry of the original judgment, July 14, 1976, to and including the plenary hearing held on January 19, 1978, unanimously modified, on the law and in the exercise of discretion, to the extent of directing that such alimony commence as of November 4, 1977, with arrears payable at $250 per month, in addition to the current alimony payments, until such arrears are eliminated; and to the extent of directing an increase in counsel fees to $3,250, which amount includes services to date (the services rendered on this appeal), and, as so modified, affirmed, without costs and disbursements. On a prior appeal, we modified the judgment entered July 14, 1976 in this divorce action and remanded the matter for a plenary hearing as to alimony due plaintiff (59 AD2d 841). After the plenary

hearing, the court originally entered an order providing for alimony of $500 per month commencing from the date of the judgment (July 14, 1976), but subsequently resettled the order to the extent of directing alimony to commence May 1, 1978. There is no basis given by Special Term for its act of discretion in so directing that the alimony be prospective only. Reason and the equities dictate on this record that the alimony commence November 4, 1977, the date of entry of our order modifying the judgment and directing a hearing on the issue of alimony due plaintiff. A review of the record makes it plain that the court considered the preseparation standard of living and other pertinent criteria, including the length of the marriage, the age of the parties, the assets and needs of both and the wife's ability to be self-supporting. The $500 per month alimony award is, on this record, an appropriate award. Finally, it is clear that the amount of counsel fees awarded by Special Term is too low, having regard for all the relevant circumstances. Therefore, taking these circumstances into consideration, together with the services rendered by plaintiff's counsel with respect to the instant appeal, we conclude that the sum of $3,250 is appropriate. Concur—Murphy, P. J., Kupferman, Sullivan, Lane and Lupiano, JJ.